## THE STATE v. ANTHONY DEVEREUX.

INDICTMENT FOR SELLING MORTGAGED PROPERTY.—An indictment which charges the defendant with selling property conditionally mortgaged with intent to defraud, and which fails to charge that the mortgage had become absolute by the happening of the condition before the sale, is bad.

APPEAL from Rusk.    Tried below before the Hon. M. D. Ector.

Art. 773 of the Penal Code is as follows: "If any person has given or shall hereafter give any deed of trust or other lien in writing upon any personal or movable prop-

erty, and shall remove the same or any part thereof out of the State, or shall sell or otherwise dispose of the same, with intent to defraud the person having such lien, either originally or by transfer, he shall be punished by confinement in the penitentiary not less than two nor more than five years."

The indictment in this case sets forth at length the following instrument:

" THE STATE OF TEXAS, }
    "*County of Rusk.* }

" I, Anthony Devereux, of said county and State, do hereby acknowledge that I have this day bought from Martin Casey one one-horse buggy, for the sum of one hundred and five dollars in currency, and I do hereby transfer to him all my right and title to my pay as a policeman to that extent; and should my pay not amount to said one hundred and five dollars, I hereby mortgage said buggy and harness as a pledge and lien for that amount; and when said amount of one hundred and five dollars shall have been paid, this obligation to be null and void.   And he is authorized to receive my pay due to me as said policeman, and receipt for the same in my name. Witness my hand and seal this, the 21st September, 1871.

His<br>(Signed,)      "ANTHONY × DEVEREUX."<br>mark.

Though Devereux was charged with fraudulently selling the buggy, there was no averment that his pay as policeman did not amount to one hundred and five dollars.

Exceptions to the indictment, based on the ground that it was vague, uncertain, and charged no offense, were sustained.

*Martin Casey,* for the State.

ROBERTS, CHIEF JUSTICE.—We are of opinion that the court did not err in setting aside the indictment upon the

exceptions taken to it in the court below. The instrument purported to be a pledge and lien, on condition that the defendant's pay as policeman should not amount to one hundred and five dollars; and there is no averment in the indictment that it did not. That is the literal import of the instrument, and there are no averments showing that it was intended to be an absolute pledge of the buggy and harness, to take effect unconditionally at the date of its execution. If there had been, it is not stated that there was a failure to collect the pay as policeman, for which a power of attorney was given to Martin Casey, otherwise than inferentially, by stating that the defendant had not paid the money to Martin Casey.

The indictment must therefore be held to be defective for uncertainty and for deficiency in not stating properly the facts necessary to constitute the offense attempted to be charged.

Judgment affirmed.

JUDGMENT AFFIRMED.