## THE STATE v. JAMES M. MAXEY.

1. SWINDLING—INDICTMENT.—An indictment for fraudulently selling mortgaged property is not defective because the administrators of the mortgagee are alleged to be the holders of the mortgage upon the property charged to have been disposed of.
2. See indictment held sufficient for the offense of selling mortgaged property, as defined by statute. (Pas. Dig., arts. 2425, 2429.)

APPEAL from Cass. Tried below before the Hon. James H. Rogers.

*George W. Smith,* for the State.

*Crawford & Crawford,* for appellee.

REEVES, ASSOCIATE JUSTICE.—The indictment in this case, though inartificially drawn, is believed to charge substantially the offense of selling mortgaged property, as defined by the statute. It charges, in substance, that the defendant, having executed a mortgage lien in writing to L. E. Watson on the property therein described, afterwards, at a time stated, sold and disposed of it to one Gardner, whose christian name was not known to the grand jury.

It is alleged that the act was done unlawfully and fraudulently, with the felonious intent to defraud the persons having the lien, averring that Watson was dead, and that his administrators held the lien, and which was alleged to be subsisting and unsatisfied.

It is true the parties who are alleged in the indictment to have been defrauded were not the original holders of the mortgage, or the assignees of the original holders.

The parties who are charged to have been defrauded are the administrators of Watson, and upon the grant of letters of administration to them, they were entitled to the possession of the property for the purpose of administration.

The objection that the title to the property was laid in the administrators and not in the heirs applies as well to the one as to the other, as both take by operation of law, and if the objection was available as a defense, though we think it is not, it would follow that the defendant could not be punished, if guilty, for a violation of the statute, because in the supposed case there would be no one to be defrauded if the mortgagee should die without having transferred the property. It might be said with equal force, if the position were well founded, that the lien itself was destroyed by the death of the mortgagee without having made a transfer of the property, a consequence which cannot be admitted if it be conceded that it was intended by the statute to inhibit the fraudulent sale of mortgaged property. The administrator's possession carries with it such a right as comes within the meaning of the statute, and the indictment may properly charge that the intent was to defraud the administrators of the deceased mortgagee. It was not necessary that the indictment should have averred that the property was liable to sale under execution, or its value. Whether the property was subject to sale or not under execution was not a material inquiry. The administrator's right of possession was not inconsistent with the ultimate rights of the heirs, and the value

was not an element in the offense, as defined by the statute.

We are of opinion that the judgment quashing the indictment was erroneous, and the same is reversed.

REVERSED AND REMANDED.