## B. SATCHELL *v.* THE STATE.

FRAUDULENT SALE OF MORTGAGED PROPERTY.—In an indictment under Article 2425, Paschal's Digest, for fraudulently disposing of mortgaged property, it is essential to aver that the mortgage was valid, subsisting, and unpaid at the time the offense is alleged to have been committed. The fraudulent intent is the gist of the offense, and must be sufficiently averred and proved.

APPEAL from the District Court of Falls. Tried below before the Hon. X. B. SAUNDERS.

The opinion states the case.

*J. R. McDonald* and *B. L. Aycock,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J.   The statute under which appellant was indicted is in these words, viz.: " If any person has given, or shall hereafter give, any deed of trust or other lien in writing upon any personal or movable property, and shall remove the same, or any part thereof, out of the state, or shall sell or otherwise dispose of the same, with intent to defraud the person having such lien, either originally or by

transfer, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years."
Pasc. Dig., Art. 2425.

The indictment, after the usual formal averments, sets forth the charge against defendant in the following terms: " That Berry Satchell, late of said county, on the first day of July, A. D. eighteen hundred and seventy-six, with force and arms, in the county and state aforesaid, did then and there unlawfully, willfully, fraudulently, and feloniously, with intent to defraud B. C. Clark and L. B. Chilton, sell to one Hugh Lang one certain dark bay mare mule, named ' Jude,' the said Berry Satchell, at and before the sale of said mule unto the said Hugh Lang, having given a mortgage lien in writing upon said mule unto the said B. C. Clark and the said L. B. Chilton, contrary to the form of the statute," etc.

This indictment is fatally defective because it does not charge or show, by proper affirmative averments, that at the time of the sale of the mortgaged property the mortgage was still valid, subsisting, and unpaid. This is an essential averment in indictments for offenses of this character. If the mortgage debt had been paid, the subsequent sale of the property certainly could not be held fraudulent simply from the fact that the property had at one time been mortgaged. The fraudulent intent is the gist of the offense, and this intent must be sufficiently averred and proved.

There have been but three decisions of our supreme court upon this statute, so far as we now remember, since its adoption. The first was *The State* v. *Small*, 31 Texas, 184, where the indictment was held defective because it omitted to charge that the offense had been done feloniously. From the charge in the indictment, as set out in the statement of the case, we think the indictment was also defective for the same reason we are urging to the indictment in the present

case. The second was *The State* v. *Anthony Devereux*, 41 Texas, 383, which is a case very analogous in some of its features to the one we are considering. The learned chief justice says: "The indictment must, therefore, be held to be defective for uncertainty and for deficiency in not stating properly the facts necessary to constitute the offense attempted to be charged." The third case is that of *The State* v. *James M. Maxey*, 41 Texas, 524, where the indictment, though inartificially drawn, was held to be good. The indictment, however, in that case did allege that the lien was subsisting and unsatisfied.

For the reasons above stated the indictment in this case is fatally defective, and does not state any offense against the laws of this state. The judgment of the lower court is, therefore, reversed and the case dismissed.

*Reversed and dismissed.*