## No. 2482.

## PERRY MOONEY *v.* THE STATE.

FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY—INDICTMENT.—
The indictment in this case described the property to which it related
as "a growing crop," and alleged that the mortgage thereon was executed
on the fifteenth day of January, 1887, and pledged a crop not then
planted. *Held*, that the indictment was insufficient to charge the of-
fense denounced by article 797 of the Penal Code, as amended by the
act of March 31, 1885. To be sufficient to charge an offense, under the
facts stated, the indictment should have charged that the accused exe-
cuted a mortgage upon a crop to be planted; that the said crop was af-
terwards planted by the accused, and that, when the same was planted
by him, and was growing or grown, the mortgage attached to and be-
came a lien upon the same, and that the accused fraudulently disposed
of the same, etc.

Appeal from the District Court of Gonzales.　Tried below be-
fore the Hon. George McCormick.

The conviction in this case was for the fraudulent disposition
of mortgaged property, and the penalty assessed was a term of
two years in the penitentiary.

The proof shows that, on the fifteenth day of January, 1887,
the defendant, to secure the payment of fifty-four dollars and
fifty-five cents due by him to W. J. Fisher, and of thirty dollars
worth of farm supplies to be furnished him by the said Fisher,
executed his certain mortgage in favor of said Fisher, the said
mortgage conveying the entire crop of corn and cotton to be
raised by him on twenty-one acres of land, a part of the Sam
McVea plantation in Gonzales county.　Defendant afterwards
planted and raised the crop of corn and cotton.　He turned over
to Fisher two and a half bales of cotton in part payment of his
account, leaving a balance of about fifty-four dollars due the
said Fisher, under the said mortgage.　He turned no corn over
to the said Fisher, but sold sixteen bushels to one Huffer.　Fish-
er's claims were unsatisfied at the time of this trial, and he still
owned the mortgage.

The transcript brings up an unsigned brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Error in this case is confessed by the Assistant Attorney General in behalf of the State. The prosecution was based upon article 797 of the Penal Code as amended by act of March 31, 1885. (Willson's Texas Crim. Stats., section 1395, part 1.) This article of the Code reads: "If any person has given or shall hereafter give any mortgage, deed of trust or other lien in writing upon any personal or movable property, or growing crop of farm produce, * * * and shall sell or otherwise dispose of the same with intent to defraud the person having such lien either originally or by transfer, he shall be punished," etc.

The offense consists in fraudulently disposing of any personal or movable property, *or growing crop of farm produce,* which has been mortgaged. If it be conceded that the indictment sufficiently sets forth the statutory offense, still the evidence does not support the allegations as to *a growing crop,* because the mortgage was executed upon the fifteenth day of January, 1887, and was to become a lien upon a crop *not then growing,* and not even planted. It was a mortgage upon something not then *in esse.* But the property is described in the indictment as "all crops raised by him the said Mooney, during the year 1887, said crops consisting of sixteen acres of cotton and five acres of corn, which said crops *are to be grown* by the said Mooney on the plantation of Sam McVea," etc.

We are of opinion the indictment itself is defective, and that the motion to quash should have been sustained. Where the mortgaged crop is one in anticipation only—not planted and not in existence when the mortgage is executed, we think, in order to bring the offense within the statute, it should be alleged substantially that the accused executed a mortgage upon a crop to be planted—that the same was afterwards planted by him, that when the same was planted and was growing or grown the said mortgage attached to and became a lien upon the same; and that the accused fraudulently disposed of the same, etc. (1 Texas Ct. App., Civ. Cas., sections 594, 595; Devereaux v. The State, 41 Texas, 383.) Other requisites for such an indictment are given in No. 519 of Willson's Criminal Forms.

Because the indictment is insufficient in its allegations, the judgment is reversed and the prosecution thereunder is dismissed.             *Reversed and dismissed.*