## S. A. CONLEY v. E. G. NELIN.

### Decided April 20, 1910.

**1.—Mortgage—Future Crops—Lien.**

One who had mortgaged a crop to be raised in the future on his own land, raised crops for that year on the land of another instead. Held, that the lien did not attach to same and could not be applied to them by substitution in equity, in the absence of a finding of fraud by the mortgagor.

**2.—Same.**

A mortgage of crops to be raised, but not yet planted, is good and enforcible in equity.

**3.—Same—Bankruptcy.**

A mortgage is not necessarily invalidated by the adjudication of the mortgagor as a bankrupt within four months of its execution, though voidable under the bankrupt law if made with the intent to defraud creditors.

**4.—Same.**

A mortgage of crops to be raised in the future was not avoided by the subsequent adjudication and discharge of the mortgagor as a bankrupt prior

to the raising of the crop. Such executory contract as to property acquired after the bankrupt's discharge was not affected by the bankruptcy proceedings.

Appeal from the County Court of McCullough County. Tried below before Hon. Harvey Walker.

*Shropshire & Hughes,* for appellant.—A court of equity will grant complete relief against all cases of fraud. Bispham's Principles of Equity, 4th ed., 253-256, 399-424, 53, 273-276; Story's Equity Juris., sec. 187; 27 Am. & Eng. Ency. Law, 203, 204; 14 Am. & Eng. Ency. Law, 49, 50.

Courts of equity will apply their equitable remedies to redress frauds growing out of a promise to do something in the future, as well as to prevent a fraud growing out of a misstatement of present or past facts. Henderson v. San Antonio & Mex. Gulf Ry. Co., 17 Texas, 580; Greenwood v. Pierce, 58 Texas, 132; Detroit Elec. Works v. Riverside St. Ry. Co., 29 S. W., 412; Clark v. Haney, 62 Texas, 514.

*F. M. Newman,* for appellee.

RICE, ASSOCIATE JUSTICE.—During the year 1905, appellee became indebted to appellant for merchandise, and thereafter executed his note in payment therefor. Having failed to pay the same, appellant brought suit against him and recovered judgment thereon on the 24th day of October, 1907, upon which judgment he thereafter caused execution to be issued and levied upon seven bales of cotton belonging to appellee, but to which others, not parties to the record, were asserting some claim; and on the 13th of January, 1908, a compromise was had between the parties, whereby the cotton was released from said levy, in consideration of the execution by appellee to appellant of his two notes, each for the sum of $146.48, the first due and payable October 1, 1908, and the second December 1, 1908. The first note was secured by a chattel mortgage on the second, third and fourth bales of cotton to be raised on appellee's farm during the year 1908, and the second by a chattel mortgage on the eighth, ninth and tenth bales of cotton to be raised on appellee's farm during said year. On the 21st of January thereafter, appellee filed his petition in bankruptcy, and was on the 22d of January adjudged a bankrupt, procuring his discharge on the 24th of September thereafter. Appellee failed to plant or raise any cotton on his own farm during said year except two bales, but did plant and raise forty bales of cotton on his brother's farm, which he had rented, situated not far from his own, and raised 600 bushels of corn and 1,000 bushels of oats on his own farm.

Having failed to pay the notes at maturity, this suit was brought by appellant, setting up the facts as above outlined, alleging that the defendant was disposing of the crops with the intention and for the fraudulent purpose of defeating plaintiff's claim, and praying for a writ of injunction restraining defendant from further disposing of said crops till plaintiff's rights therein had been adjudicated and es-

tablished, which was granted; and further praying that the cotton raised by defendant on the land of his brother be subjected to his lien, as well as asking a foreclosure on all of the crops raised on defendant's own land during said year.

Appellee, after numerous exceptions and general denial, plead his discharge in bankruptcy in bar of plaintiff's right to recover.

There was a trial before the court without a jury, resulting in a denial of any relief to appellant except for a foreclosure upon the second bale of cotton raised upon the defendant's own place during said year, from which this appeal is taken.

Appellant insists by several assignments that the court erred in not decreeing a foreclosure upon the cotton raised by appellee upon his brother's premises, as well as a foreclosure upon all the crop raised by appellee on his own place during said year, contending that it was within the equitable powers of the court to have substituted his mortgage to said crops so raised on his brother's premises, on account of the alleged fraud on the part of appellee in failing to plant his own place to cotton, but in lieu thereof planting and raising cotton on the premises of his brother. We think it a sufficient answer to this to say that the court filed its conclusions of law and fact, in which it found that there was no legal fraud on the part of appellee in not planting and raising a crop of cotton on his own premises, as contemplated by the mortgages theretofore given by him to appellant, for which reason we overrule these assignments because, in the absence of fraud, the rule invoked by counsel for appellant could not apply.

The remaining assignments have been considered, but are regarded as not well taken, and are therefore overruled.

Appellee, however, insists by his fourth cross-assignment of error that the trial court erred in rendering judgment for plaintiff for the second bale of cotton raised on defendant's farm during the year 1908, because the evidence shows that the mortgages sought to be foreclosed by this suit on said cotton were made before said cotton was in existence or was even planted, and that said cotton did not come into existence until defendant was declared a bankrupt, and that said mortgage was made within four months of the time defendant was adjudged a bankrupt, and that the levy of the execution on the seven bales of cotton released when the mortgages were made was within four months of the adjudication in bankruptcy, and was void, and that the debt secured by said mortgages was released by a discharge in bankruptcy granted to defendant before said cotton was planted and before it was taken possession of by plaintiff, and that by virtue of the bankruptcy proceedings defendant was entirely released from the claim of plaintiff and said mortgage was annulled.

The mortgage in question, as between the parties, notwithstanding the crop had not been planted at the time it was given, is regarded as a valid equitable mortgage, and will attach to the crop after the same is planted and grown. See the following authorities: Richardson v. Washington & Costley Bros., 88 Texas, 339; Dupree v. McClanahan, 1 W. & W. Civ. Cas., p. 314, secs. 594 et seq.; Mooney v. State, 25 Texas Crim. App., 32, 7 S. W., 587; Cobbey on Chat. Mort., vol. 1, sec. 383.

Nor do we agree with appellee in his insistence that the mortgage was void by reason of its execution within four months of the adjudication in bankruptcy, because, in order to render it so, it must have been made with intent of defrauding the creditors of the bankrupt, without which, it seems, it would not have been necessarily void. See section 67e, Bankruptcy Act of 1898. Besides this, we do not believe that the bankruptcy proceedings could have any possible effect upon an executory contract, such as the one in question. The title to after-acquired property does not vest in the trustee in bankruptcy, but belongs to and becomes the property of the bankrupt; for which reason we do not think appellee could set up such proceedings to defeat the rights of a creditor to such after-acquired property. Section 70a of the Bankruptcy Act of 1898 (subdivisions 4 and 5), speaking with reference to what property of the bankrupt the trustee takes, reads: "Property transferred by him in fraud of his creditors; property which, prior to the filing of the petition, he could, by any means, have transferred, or which might have been levied upon and sold under judicial process against him."

Brandenburg on Bankruptcy, 2d ed., p. 151, sec. 6, discussing what property should be included in the schedule by the bankrupt, says: "The schedule should include all property which, prior to the filing of the petition, the bankrupt could have transferred, or which might have been levied upon and sold by judicial process, but not property acquired after such filing." See also Id., secs. 5, 6 and 7, pp. 691, 692 and 693.

It is evident from these authorities that the cotton planted and raised upon appellee's own homestead, after adjudication in bankruptcy, could not be regarded as property that should have been scheduled by the trustee, and hence was free from the claim of his creditors, and that the bankruptcy proceedings could in no way affect it. To hold otherwise would be taking the earnings of the bankrupt after adjudication for the satisfaction of his creditors, which would defeat the very object of the proceedings, and contravene not only the letter, but the spirit, of the bankrupt law. We therefore hold that the mortgage was not in fraud of the bankruptcy proceedings, but attached to and was a lien against the property of appellee embraced within it in favor of appellant, and the judgment foreclosing his lien thereon was proper, for which reason we overrule appellee's cross-assignment.

Finding no error in the judgment of the court, the same is in all things affirmed.

*Affirmed.*